Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER HART, MARY HART, and KENNETH HART, | Case No. |
| Plaintiff(s), | COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | |
| CREDIT BUREAU ASSOCIATES, | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq*. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiffs, Jennifer Hart, Mary Hart and Kenneth Hart ("Plaintiffs"), are a natural person residing in San Joaquin county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Credit Bureau Associates ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt.

6. Defendant initially contacted Plaintiffs at (209)823-6225 in connection with an attempt to collect an alleged debt with an internal reference no. 749949.

7. On at least one occasion, Defendant failed to disclose to Plaintiffs that the call was an attempt to collect a debt and any information would be used for that purpose, including but not limited to, a voicemail left for Plaintiffs on (209)823-6225.

8. On at least one occasion, Defendant failed to disclose to Plaintiff that the call was from a debt collector, including but not limited to, a voicemail left for Plaintiffs on (209)823-6225.

9. On at least one occasion, Defendant failed to disclose to Plaintiff, Defendant's true corporate or business name in a telephone call, including but not limited to, a voicemail left for Plaintiffs on (209)823-6225.

10. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

    b) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));

c) Failing to disclose the caller's individual identity in a telephone call to Plaintiff (§1692d(6));

d) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff (§1692d(6));

e) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

f) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)); and

g) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5)).

11. As a result of the above violations of the FDCPA and RFDCPA, Plaintiffs suffered and continues to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiffs reincorporate by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

Complaint - 4

  A. Declaratory judgment that Defendant's conduct violated the FDCPA;

  B. Actual damages;

  C. Statutory damages;

  D. Costs and reasonable attorney's fees; and,

  E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiffs reincorporate by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

  A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

  B. Actual damages;

  C. Statutory damages for willful and negligent violations;

  D. Costs and reasonable attorney's fees,

  E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 29th day of November, 2012.

    By: /s/ Todd M. Friedman
     Todd M. Friedman (216752)
     Law Offices of Todd M. Friedman, P.C.
     Attorney for Plaintiff